UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>ALI REZA ZARGARAN,<br><br>       Debtor.<br>_____/ | Case No. 14-24390-RBR<br>Chapter 7 |
| KENNETH A. WELT, as chapter 7 trustee for<br>Ali Reza Zargaran,<br><br>       Plaintiff,<br><br>v.<br><br>ALI REZA ZARGARAN,  MARYAM BAKER,<br>and ALI REZA ZARGARAN, M.D. PA.,<br><br>       Defendants.<br>_____/ | Adv. Pro. No. _____ |

**TRUSTEE'S COMPLAINT FOR DECLARATORY  JUDGMENT, ALTER EGO, TURNOVER, CONSTRUCTIVE TRUST, INJUNCTION,  SUBSTANTIVE CONSOLIDATION, UNJUST ENRICHMENT, RECOVERY OF POSTPETITION TRANSFERS, AND DENIAL OF DISCHARGE**

> Pursuant to Chapter II, Section 2, Paragraph III of the Court's CM/ECF Guide, which requires a clearly defined statement at the beginning of the first page of the Complaint, the Trustee represents that the Estate is currently insolvent and requests the filing fee be deferred

Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of Ali Reza Zargaran, by and through his undersigned counsel, sues Defendants ALI REZA ZARGARAN (the *"Debtor"*),  MARYAM BAKER (the *"Wife"*), and ALI REZA ZARGARAN, M.D. PA. (the *"Practice"*), and states as follows:

I. **PARTIES, JURISDICTION AND VENUE**

    A. **Parties**

1. The Trustee is the duly authorized and acting Chapter 7 Trustee of the Debtor's estate (the *"Estate"*) created pursuant to Section 541 of the Bankruptcy Code, on June 24, 2014 (the *"Petition Date"*), after the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*).

2. The Practice is a Florida for-profit professional corporation with its principal place of business in Broward County, Florida.

3. Debtor is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida.

4. Wife is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida.

    B. **Jurisdiction and Venue**

5. This Court has jurisdiction over the subject matter of this action pursuant to 11 U.S.C § 105, and 28 U.S.C. §§ 157(a) and (b) and 1334(b).

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

II. **GENERAL ALLEGATIONS**

8. In June 1993, the Debtor incorporated the Practice.

9. Prior to the Petition Date, the Debtor was the sole shareholder in the Practice.

10. By statute, pursuant to §621.03, Fla. Stat., a professional corporation, such as the Practice, is organized for the "sole and specific purpose of rendering professional service."

11. The Practice's sole business was the operation of a medical practice.

12. At some point prior to December, 2013, the Debtor opened an investment account with TD Ameritrade (the *"Investment Account"*).

13. For some reason, the Investment Account was titled in the Practice's name, rather than that of the Debtor.

14. The Trustee is unaware of the initial funding sources for the Investment Account.

15. For some time, the Debtor made regular trades of publicly traded stock within the Investment Account.

16. Trading publicly traded securities in an investment account is not a 'professional service.'

**A. The Debtor's abuses of the Bankruptcy Code to delay and defraud his creditors.**

17. The Debtor had previously filed two (dismissed) bankruptcy petitions prior to the Petition Date.

18. On October, 12, 2010 the Debtor filed a petition under chapter 13 of the Bankruptcy Code, as Case No. 10-40996, which was dismissed on November 2, 2010.

19. On December 16, 2013, the Debtor filed a petition under chapter 13 of the Bankruptcy Code, as Case No. 13-39741, which was dismissed on March 12, 2014.

20. On the Petition Date, June 24, 2014, the debtor filed the instant chapter 11 petition (the *"Petition"*).

21. Upon information and belief, as evidenced by the repeat filings and dismissals, the Debtor filed each of the petitions to delay foreclosure sales of his home.

22. As evidenced by the repeat filings and dismissals, it is apparent that the Debtor sought to delay enforcement of secured creditors' rights, rather than any real attempt to reorganize his debts.

**B. The Practice and the Investment Account.**

23. By filing the Petition, the Debtor became a debtor-in-possession, with a fiduciary duty to manage the Estate for the benefit of the creditors.

24. By filing the Petition, the Debtor's sole shareholder interest in the Practice was included in the Estate under section 541 of the Bankruptcy Code.

25. On Schedule B13, the Debtor scheduled his interest in the Practice as valued at $526,108.39, which he described as follows:

> Ali Reza Zargaran, MD, P.A. Valuation determined by combining: bank balance (1938.59); accounts receivable (14,187); of ice furnishing/equipment (750); unencumbered portion of investment stock account (756,353.10); business liabilities (245,107.30).

(the *"Scheduled Description"*).

26. The Trustee believes the 'business liabilities' to be unenforceable insider-debts allegedly owed to the Debtor's wife.

27. In any event, pursuant to even the Debtor's Scheduled Description, the share in the Practice (the *"Share"*) had (at least) a book value of $526,108.39.

28. Pursuant to the claims register, the Debtor has in excess of $2,000,000.00 in unsecured (including undersecured) debt.

29. As a debtor-in-possession, the Debtor had a duty to administer the Share for the benefit of his creditors.

**C. With conversion to chapter 7 imminent, the Debtor empties the Investment Account**

30. On October 2, 2014, the United States Trustee (the *"UST"*) filed his *Motion to Convert or Dismiss Case* (the *"UST Motion"*).

31. On October 17, 2014, and October 20, 2014, both Sabadell United Bank, N.A. and Transcapital Bank (respectively) joined in the UST Motion and asked that the case be converted.

32. The UST Motion was set for hearing on October 23, 2014.

33. That very morning, on October 23, 2014, the Debtor requested the following wire transfers be made from the Investment Account:

> a) A $462,489.53 transfer to Cornerstone Title San Antonio (the *"Cornerstone Transfer"*); and
>
> b) A $401,510.00 transfer to account number 114021933 at Broadway National Bank (the *"Broadway Transfer"*).

34. On October 24, 2014, the Debtor initiated a second transfer to the same account at Broadway National Bank in the amount of $11,162.30 (the *"Second Broadway Transfer"*).[1]

35. The Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer depleted the balance in the Investment Account from in excess of $870,000.00 to only $383.86.

36. By the time the order converting the case (the *"Conversion Order"*) was entered on October 27, 2014, all three transfers had occurred and the Investment Account (and by extension the Share) was worthless.

37. Upon information and belief, the Cornerstone Transfer was a transfer to a closing agent, who facilitated the purchase by the Debtor and wife of the real property (*"Real Property"*) located at 10431 Springcroft Court, Helotes, TX 78023, described as: CB 4557A (BRIDGEPOINT UT-8 & 15), BLOCK 8 LOT 20.

---

[1] Collectively the Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer are referred to as the *"Transfers."*

38. Upon information and belief, the Broadway Transfer and Second Broadway Transfer were made to an account at Broadway National Bank owned or controlled by the Debtor and/or Wife.

## COUNT I
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201
*(Declaration against the Practice under the Court's authority to
determine what is property of the Estate that the Practice is the Debtor's alter ego)*

39. The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

40. There exists an actual controversy with respect to whether the Debtor is the actual direct owner of the Investment Account, by virtue of his use of the Practice as his alter ego and a need for a declaration as to whether the Investment Account (and all other assets of the Practice) are owned by the Debtor.

41. At all material times, the Debtor has exercised complete dominion and control of the Practice.

42. The Debtor has always had signature authority over the Investment Account.

43. The assets of the Investment Account were used for the Debtor, not the Practice's benefit.

44. The Debtor has disregarded the corporate formalities of the Practice.

45. The Trustee, on behalf of the bankruptcy estate of the Debtor, has suffered actual injury as a result of the depletion of the Investment Account, which injury can be redressed by a finding that the Investment Account (and all other assets of the Practice) are owned by the Debtor.

46. A finding that the Investment Account (and all other assets of the Practice) are owned by the Debtor is necessary to prevent injustice.

**WHEREFORE,** the Trustee respectfully requests the Court enter a declaratory judgment in favor of the Trustee and against the Practice:

A.  Determining that the assets of the Practice are property of the Estate;

B.  Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

C.  Granting any and all further relief this Court deems fair and equitable.

## COUNT II
## REVERSE VEIL PIERCING
*(Against all Defendants pursuant to the state law cause of action available to all creditors of the Debtor)*

47.  The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

48.  At all material times, the Debtor has exercised complete dominion and control of the Practice.

49.  The Debtor has always had signature authority over the Investment Account.

50.  The assets of the Investment Account were used for the Debtor, not the Practice's benefit.

51.  The Debtor utilized the Practice as his mere instrumentality in order to defraud his creditors by titling assets which he beneficially owned in the name of the Practice.

52.  The Debtor has disregarded the corporate formalities of the Practice.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a declaratory judgment in favor of the Trustee and against the Defendants:

A.  Determining that the assets of the Practice are property of the Estate;

B.      Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

C.      Granting any and all further relief this Court deems fair and equitable.

## COUNT III
## SUBSTANTIVE CONSOLIDATION
*(Against the Practice)*

53.      The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

54.      As evidenced by the commingling of funds between the Debtor's funds in the Investment Account of the Practice, there is a substantial identity between the Practice and the Debtor.

55.      In the instant case, consolidation of the Practice with the Debtor is necessary to avoid some harm or to realize some benefit.

56.      The following facts favor the substantive consolidation of the Practice into the Debtor's bankruptcy estate:

- There is a degree of difficulty in segregating and ascertaining the individual assets and liabilities of the Debtor and the Practice;
- The Debtor has commingled the assets of Practice with his own assets;
- There is a unity of interest in the Practice given that the Debtor owned the Practice; and
- The Debtor has transferred assets of the Practice without formal observance of corporate formalities.

57.      Specifically, the finances of the Debtor and the Practice are so intermingled that administration of the Debtor's bankruptcy estate without the Practice would leave creditors of

the Debtor without assets and avoidance actions that the Debtor's creditors could use to satisfy debts owed to them.

58. Pursuant to 11 U.S.C. § 105, this Court has the power to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Title 11.

59. Given the identity of interest between the Debtor and Practice, it is necessary and appropriate that business affairs of the Practice be administered and resolved in conjunction with the affairs of the Debtor in his bankruptcy case.

60. Substantive consolidation is necessary to insure the equitable treatment of all creditors, in that the creditors of the Debtor will receive a smaller share of assets if the Practice is not brought into these proceedings, allowing the Debtor to shield assets through Practice.

**WHEREFORE**, the Trustee respectfully requests the Court to enter judgment on his behalf and against the Practice as follows:

A. Substantively consolidating the Practice into the Debtor's bankruptcy estate; and

B. Granting any and all further relief that this Court deems just, fair and equitable.

## COUNT IV
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201
*(Declaration against the Debtor and Wife that the Real Property is property of the Estate)*

61. The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

62. There exists an actual controversy with respect to the owner of the Real Property.

63. The Real Property was acquired on October 24, 2014.

64. The case was converted on October 27, 2014.

65. Pursuant to 11 U.S.C. § 1115, in a converted case, property of the estate includes post-petition, pre-conversion property acquired by the debtor.

66. The Trustee is informed and believes that the Debtor and Wife have taken record title to the Real Property as community property.

67. Accordingly, the interest of both the Debtor and the Wife is property of the Estate under § 541.

68. Accordingly, title to the Real Property is properly held by the Estate only.

69. A finding that the Real Property is an Estate asset is necessary to prevent injustice, and no adequate remedy at law exists.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a declaratory judgment in favor of the Trustee and against the Debtor and Wife:

A. Determining that the Real Property is property of the Estate;

B. Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

C. Granting any and all further relief this Court deems fair and equitable.

## COUNT V
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201
*(Declaration against the Debtor and Wife that the Real Property is property of the Estate)*
*(in the alternative to Count IV)*

70. The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

71. There exists an actual controversy with respect to the owner of the Real Property.

72. By virtue of a judgment on Counts I, II, or III, the Real Property was purchased with post-petition Estate assets.

73. Accordingly, title to the Real Property is properly held by the Estate.

74. A finding that the Real Property is an Estate asset is necessary to prevent injustice, and no adequate remedy at law exists.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a declaratory judgment in favor of the Trustee and against the Debtor and Wife:

A.   Determining that the Real Property is property of the Estate;

B.   Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

C.   Granting any and all further relief this Court deems fair and equitable.

## COUNT VI
## TURNOVER PURSUANT TO 11 U.S.C. § 542
*(Against Debtor and Wife)*

75.   The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

76.   Pursuant to 11 U.S.C. § 541, and a judgment on Count IV, the Real Property is property of the Debtor's bankruptcy estate and must be turned over to the Trustee.

77.   Pursuant to 11 U.S.C. § 541, any and all monies earned by the Real Property is property of the Estate.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a judgment in favor of the Trustee and against the Debtor and Wife directing the Debtor and Wife to:

A.   Turn over the Real Property to the Trustee, as well as all monies received therefrom;

B.   Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

C.   Granting any and all further relief this Court deems fair and equitable.

## COUNT VII
## CONSTRUCTIVE TRUST
*(Against Debtor and Wife)*

78. The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

79. As set forth above, the Debtor and Wife purchased the Real Property with Estate Assets.

80. In order to restore the Real Property to its rightful owner, and to prevent the unjust enrichment of the Debtor and Wife with property of the estate, it is necessary for the Court to impose a constructive trust in favor of the Trustee and the Debtor's estate over the Real Property.

81. It would be against equity for either Debtor and/or Wife to retain any of their alleged respective interests in the Real Property because such interests were obtained by fraud or other questionable means.

82. The Real Property is readily identifiable by the Court.

83. As a result, the Trustee has damages.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a judgment in favor of the Trustee and against the Defendants directing the Defendants to:

A. Imposing a constructive trust on the Real Property in favor of the Trustee;

B. Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

C. Granting any and all further relief this Court deems fair and equitable.

## COUNT VIII
## INJUNCTION AND OTHER EQUITABLE RELIEF
*(Against the Debtor and Wife)*

84. The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

85. An injunction is necessary in order to prevent the Debtor and Wife from dissipating, secreting or transferring the assets of the Practice to the detriment of the Debtor's creditors and this bankruptcy estate.

86. Unless the Court issues an injunction or some other form of equitable relief to stop Debtor and Wife from dissipating or secreting the assets of the Practice, the Trustee on behalf of the Debtor's estate and his creditors will suffer irreparable harm and will have no adequate remedy at law to recover the assets of Practice for the benefit of the Estate.

87. The threatened injury to the Trustee on behalf of the Debtor's bankruptcy estate and his creditors outweighs any threatened harm an injunction may cause Wife or Debtor.

88. An injunction would serve the public interest because it will dissuade Debtor and Wife from fraudulently transferring and secreting the Practice's assets to avoid payment of the Debtor's creditors, while at the same time enjoying the benefits of the Practice's assets.

**WHEREFORE**, the Trustee respectfully requests that a temporary injunction, or some other form of equitable relief, be granted to stop Debtor and Wife from dissipating or secreting any assets of the Practice, or the proceeds thereof, and any further relief that this Court deems just, fair and equitable.

### COUNT IX
### UNJUST ENRICHMENT
*(Against Debtor and Wife)*

89. The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

90. By receiving the benefit of the assets of the Practice, the Estate, as sole shareholder of the Practice, conferred a benefit on Debtor and Wife, each of which having knowledge thereof.

91. Both Debtor and Wife voluntarily accepted and retained the benefit conferred on them.

92. The circumstances are such that it would be inequitable for Debtor and Wife to retain the benefit of the without paying the Estate for the value thereof.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment in favor of the Trustee and against Debtor and Wife, jointly and severally, in the amount of the value of the Practice as of the Petition Date, and any further relief that this Court deems just, fair and equitable.

## COUNT X
## POSTPETITION TRANSFER
### 11 U.S.C. §§ 549 and 550
### (against Debtor and Wife)

93. The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

94. By virtue of a judgment in Count I, II, or III, the Transfers were transfers of property of the Estate.

95. The Transfers occurred after the commencement of the case.

96. The Transfers were not authorized by the Bankruptcy Code or an order of the Court.

97. The Debtor and Wife were the transferees of the Transfers.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment against the Debtor and Wife for the amount of the Transfers, $875,161.83, and any further relief that this Court deems just, fair and equitable.

### COUNT XI
### BREACH OF FIDUCIARY DUTY
*(Against Debtor, as director of Practice)*

98. The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

99. As a Director of the Practice, the Debtor had a duty to the Practice's shareholders.

100. At the time of the Transfers, the chapter 11 estate was the shareholder of the Practice.

101. Accordingly, the Debtor had a fiduciary duty to its shareholder, the Estate.

102. The Debtor breached that duty by making the Transfers which benefitted himself and his wife, but not the shareholder, the Estate.

103. The Estate has been damaged.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment against the Debtor in the amount of $875,161.83 or such other amount proved at trial, and any further relief that this Court deems just, fair and equitable.

### COUNT XII
### BREACH OF FIDUCIARY DUTY
*(Against Debtor, as debtor-in-possession)*

104. The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

105. As a debtor-in-possession, the Debtor had a fiduciary duty to the Estate's creditors.

106. The Debtor breached that duty by making the Transfers which benefitted himself and his wife, but not the Estate or its creditors.

107. The Estate has been damaged.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment against the Debtor in the amount of $875,161.83 or such other amount proved at trial, and any further relief that this Court deems just, fair and equitable.

## COUNT XIII
## SALE PURSUANT TO § 363(h)
*(Against Debtor and wife)*

108. The Trustee realleges and reincorporates the allegations in paragraphs 1 - 38 above as if fully set forth herein.

109. This action is pleaded in the alternative to Counts IV and V, only to the extent the Real Property is found to be held as tenants in common or joint tenants (and not community property), and Wife's interest not found to be property of the Estate.

110. This is an action against Wife seeking to obtain approval under 11 U.S.C. § 363(h) for the sale of both the of the Debtor and that of Wife, a co-tenant in the Real Property.

111. Pursuant to Fed. R. Bankr. P 7001, "a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property" must be filed as an adversary proceeding.

112. Partition in kind of the Real Property between the Estate and Wife is impractical.

113. The Real Property is a single family home, such that there is no practicable manner of partition of such property, other than a sale and division of the proceeds.

114. Upon information and belief, the Real Property cannot be subdivided.

115.	The sale of the estate's interest in the Real Property would realize significantly less for the estate than the sale of such property free of the interest of Wife.

116.	The benefit to the estate of a sale of the Real Property free of the interest of Wife outweighs the detriment, if any, to Wife.

117.	The Real Property is not used in the production, transmission or distribution, for sale, of electric energy, or of natural or synthetic gas for heat, light, or power.

WHEREFORE, pursuant to 11 U.S.C. §363(h) and Federal Bankruptcy Rule 7001(3), the Trustee seeks judgment in his favor and against the Debtor and Wife providing that the Trustee may sell the Real Property free and clear of the interests of Wife, subject to proper notice and a hearing in the main case pursuant to Rule 6004.

**COUNT XIV**
**DENIAL OF DISCHARGE**
**11 U.S.C. § 727(a)(2)(B)**

118.	The Trustee realleges and reincorporates the allegations in paragraphs 1 - 38 above as if fully set forth herein.

119.	By virtue of the Transfers, the Debtor, with intent to hinder, delay, or defraud the Trustee or the Estate, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed the value of the Share post-petition.

WHEREFORE, the Trustee requests a judgment denying the Debtor's discharge and providing such other and further relief as is just and equitable.

## COUNT XV
## **DENIAL OF DISCHARGE**
## **11 U.S.C. § 727(a)(6)(A)**

120. The Trustee realleges and reincorporates the allegations in paragraphs 1 - 38 above as if fully set forth herein.

121. As part of the Conversion Order, the Debtor was required to:

   a) immediately turn over to the chapter 7 trustee all records and property of the estate under his custody and control;

   b) by December 10, 2014, file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and

   c) file, by November 24, 2014, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification.

   d) file, by November 24, 2014, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B);

   e) file, by November 24, 2014, the Official Bankruptcy Form 22 A "Statement of Current Monthly Income and Means Test Calculation for Use in Chapter 7 Only", payment advices and, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4).

   f) file, by December 10 2014, a statement of intention with respect to retention or surrender of property securing consumer debts conforming to Official Form 8.

122. The Debtor did not comply with a single one of the above-referenced requirements.

123. Additionally, the Debtor changed his address, and has not informed the Trustee as to where he may be served with an examination notice under Rule 2004.

124. The §341 Meeting of Creditors was scheduled for December 1, 2014 at 11:30 a.m.

125. Trustee's counsel wrote to the Debtor, requesting the Debtor's availability for an examination under Fed. R. Bankr. P. 2004. The Debtor did not respond.

126. The Debtor subsequently failed to appear at the meeting of creditors on December 1, 2014.

127. As such, the Trustee has been wholly unable to conduct an investigation into the Debtor's financial affairs.

128. The Debtor has refused to comply with any provision of the Conversion Order.

WHEREFORE, the Trustee requests a judgment denying the Debtor's discharge and providing such other and further relief as is just and equitable.

        s/ Lawrence E. Pecan
        Lawrence E. Pecan, Esquire
        Florida Bar No. 990866
        lpecan@melandrussin.com
        MELAND RUSSIN & BUDWICK, P.A.
        3200 Southeast Financial Center
        200 South Biscayne Boulevard
        Miami, Florida  33131
        Telephone: (305) 358-6363
        Telecopy: (305) 358-1221
        *Attorneys for Trustee*