UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              Case No. 14-24390-RBR

                                                    Chapter 7

ALI REZA ZARGARAN,

            Debtor.
_____/

KENNETH A. WELT, as Chapter 7 Trustee for        Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

            Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

            Defendants.
_____/

**PLAINTIFF'S MOTION FOR FINAL JUDGMENT**
**AFTER CLERK'S DEFAULT AGAINST ALL DEFENDANTS**

        KENNETH A. WELT, the Chapter 7 trustee (the *"Plaintiff"*) for the bankruptcy estate of

Ali Reza Zargaran (the *"Debtor"*) applies, pursuant to Fed. R. Civ. P. 55, made applicable to this

Adversary Proceeding by Fed. R. Bankr. P. 7055 and Bankruptcy Local Rule 7055-1, for entry of

the attached Final Judgment after Default, against Defendants ALI REZA ZARGARAN,

MARYAM BAKER, and ALI REZA ZARGARAN, M.D. PA. (collectively, the *"Defendants"*).

In support thereof, the Plaintiff states as follows:

        1.      On December 16, 2014, this case began through the filing of a complaint. [ECF

No.1] (the *"Complaint"*).

        2.      On December 17, 2014, the clerk issued a summons [ECF No. 2] (the

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5526/5526-2/01561643.DOCX.}

*"Summons"*) as to all three Defendants. The Summons set forth that a responsive pleading to the Complaint must be served by January 16, 2015.

3.      On December 18, 2014, the Summons and Complaint were served upon Ali Reza Zargaran by delivering a copy of the Summons and of the Complaint to Ali Reza Zargaran, personally, at 10431 Springcroft Court, Helotes, TX 78023, where he currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1).

4.      On December 18, 2014, the Summons and Complaint were served upon Maryam Baker by delivering a copy of the Summons and of the Complaint to Maryam Baker, personally, at 10431 Springcroft Court, Helotes, TX 78023, where she currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1).

5.      On December 19, 2014, Ali Reza Zargaran, M.D., P.A. was served via postage prepaid, U.S. first class mail, pursuant to Fed.R.Bankr.P. 7004(b)(3) to the address maintained by Ali Reza Zargaran, M.D., P.A.[1]

6.      No response of any kind was served upon the Plaintiff.

7.      Accordingly, all Defendants were been properly served with the Complaint, but failed to respond.

8.      On January 20, 2015, the clerk entered a default against Ali Reza Zargaran. [ECF No. 14].

9.      On January 20, 2015, the clerk entered a default against Maryam Baker. [ECF No. 15].

10.      On January 20, 2015, the clerk entered a default against Ali Reza Zargaran, M.D.,

---

[1] The mail was returned as undeliverable, as the Debtor closed the practice without forwarding its mail. However, on December 22, Lawrence Pecan, who is also counsel for the Plaintiff, was appointed as Registered Agent for the practice, and Kenneth A. Welt, by virtue of the bankruptcy, is the sole shareholder and director of the practice, and has no objection to the entry of default judgment. Clearly, default judgment is appropriate.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5526/5526-2/01561643.DOCX.}

P.A.. [ECF No. 16].

11.    Pursuant to L.R. 7055-1, attached as Exhibit A is the Plaintiff's affidavit supporting the calculation of the amount of damages sought against the Defendants.

12.    The Plaintiff believes all claims in this adversary proceeding to be both statutorily and constitutionally core. However, whether an alter ego claim (and thus the other claims which depend on it) is constitutionally core (and *stem from the bankruptcy itself*) remains before the United States Supreme Court in *Wellness Int'l Network, Ltd. v. Sharif*, 134 S. Ct. 2901, 189 L. Ed. 2d 854 (2014). Thus, the Plaintiff requests that the court enter proposed findings of fact, and conclusions of law, in accordance with *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2173, 189 L. Ed. 2d 83 (2014) (allowing courts to treat possible *Stern* claims as non-core). Attached as Exhibit B are the proposed findings of fact and conclusions of law, as proposed by the Plaintiff.

13.    Attached as Exhibit C is a proposed order of the District Court adopting the Bankruptcy Court's proposed findings of fact and conclusions of law and granting this Motion.

14.    Attached as Exhibit D is a proposed final judgment of the District Court in this action.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/5526/5526-2/01561643.DOCX.}

WHEREFORE, KENNETH A. WELT, the Chapter 7 trustee for the bankruptcy estate of

Ali Reza Zargaran requests that default judgment be entered against ALI REZA ZARGARAN,

MARYAM BAKER, and ALI REZA ZARGARAN, M.D. PA., and enter such other and further

relief as is just and appropriate.

By:   s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
200 South Biscayne Blvd., Ste. 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Trustee Welt*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2015, I caused a copy of this document and its attachments to be mailed, via US First Class mail, postage fully prepaid, to Ali Reza Zargaran, 1749 SE 10 St, Ft Lauderdale, FL 33316; Ali Reza Zargaran, 10431 Springcroft Court, Helotes, TX 78023; Maryam Baker, 1749 SE 10 St, Ft Lauderdale, FL 33316; Maryam Baker, 10431 Springcroft Court, Helotes, TX 78023; and Ali Reza Zargaran M.D. P.A., 50 N.E. 26TH AVENUE Suite 404, Pompano Beach, FL 33062.

s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/5526/5526-2/01561643.DOCX.}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                      Case No. 14-24390-RBR

                                                            Chapter 7

ALI REZA ZARGARAN,

              Debtor.
_____/

KENNETH A. WELT, as Chapter 7 Trustee for          Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

              Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

              Defendants.
_____/

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION FOR
FINAL JUDGMENT AFTER CLERK'S DEFAULT AGAINST ALL DEFENDANTS**

STATE OF FLORIDA           )
                           ) ss:
COUNTY OF BROWARD          )

       I, Kenneth A. Welt, being duly sworn, say:

       1.     I am the Plaintiff[1] in the above captioned action.

       2.     This Affidavit is made upon my own knowledge and the purpose of this affidavit

is to support the calculation of the amount of damages sought from Ali Reza Zargaran (the

_____

[1] All capitalized terms not defined in this Affidavit shall have the meaning given to them in the
Complaint filed in this adversary proceeding.

{Firm Clients/5526/5526-2/01561662.DOC.}

**EXHIBIT A**

"*Debtor*"), Maryam Baker (the "*Wife*"), and Ali Reza Zargaran M.D. P.A. (the "*Practice*") (collectively, the "*Defendants*").

3.      I have reviewed certain bank account records of the Debtor and the Practice.

4.      I have reviewed the Complaint that commenced this adversary proceeding and the *Motion for Final Judgment After Clerk's Default Against all Defendants.*

5.      Based upon my investigation, I have determined that the Debtor made several post-petition transfers to or for the benefit of the Defendants, which total $875,161.83.

6.      I have reviewed wire transfer receipts from TD Ameritrade, which are attached as EXHIBIT 1, which show that on October 23, 2014, the Debtor made several post-petition transfers from a TD Ameritrade investment account titled in the Practice's name as detailed below:

   a.   A $462,489.53 transfer to Cornerstone Title San Antonio (the "*Cornerstone Transfer*");

   b.   A $401,510.00 transfer to account number 114021933 at Broadway National Bank (the "*Broadway Transfer*").

7.      Based upon those same wire receipts, I have concluded that on October 24, 2014, the Debtor initiated a second transfer to the same account at Broadway National Bank in the amount of $11,162.30 (the "*Second Broadway Transfer*")[2].

8.      The Cornerstone Transfer was a transfer to a closing agent, who facilitated the purchase by the Debtor and wife of the real property (*"Real Property"*) located at 10431 Springcroft Court, Helotes, TX 78023, described as: CB 4557A (BRIDGEPOINT UT-8 & 15), BLOCK 8 LOT 20. 66.

---

[2] Collectively the Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer are referred to as the "*Transfers*."

9.      The Debtor and Wife took record title to the Real Property as community property after the filing of the Petition.

10.     The Broadway Transfer and Second Broadway Transfer were made to an account at Broadway National Bank owned by the Debtor.

11.     Accordingly the Estate's total damages on account of the Transfers, is $875,161.83. All of that amount is attributable to the Debtor. However, only the $462,489.53 Cornerstone Transfer was for the benefit of *both* the Debtor and Wife. Thus, the Estate's damages are $875,161.83 as to the Debtor, with a $462,489.53 portion of such amount attributable to both the Debtor and Wife jointly.

        FURTHER AFFIANT SAYETH NAUGHT.

                                        By:
                                            Kenneth A. Welt

        The foregoing instrument was acknowledged before me this 23 day of January, 2015, by Kenneth A. Welt, who is personally known to me and who did not take an oath.

Commission:                             Notary Public, State of Florida



NOTARY PUBLIC
STATE OF FLORIDA

LAURA BYRON
MY COMMISSION #FF114492
EXPIRES April 20, 2018
(407) 398-0153    FloridaNotaryService.com

**EXHIBIT 1**

| Cash Disbursement: 11531395 | | | |
|---|---|---|---|
| Amount: | $462,489.53 | Requested On: | 10/23/2014 10:22:22 |
| Date To Send: | 10/23/2014 | Created By: | HUN752 / BOS |
| End Date : | | Send Now Flag: | No |
| Frequency: | One-Time | Money Mkt Redemp: | No |
| Transfer Type: | Wire | Charge Fees To: | 867-022220 |
| Transfer Method: | Mortgage/Escrow Account | Fee Ovr Initials: | |
| Bank ID: | WellsFargo | Tracking #: | 1023I1B7031R035228 |
| | | Trans Code: | WOTP(Third Party) |

| Transaction Comments | |
|---|---|
| no comment entered | no comment entered |

| Contact Information |
|---|
| Name: ZARGARAN ALI        Phone: 954-850-0058        Email: ZARGARANKIAAN@GMAIL.COM |
| Street: 1300 NE MIAMI GARDENS DR APT 519 |
| City: MIAMI                  State: FL    Zip: 33179-4782      Nation: |

| Mortgage/Escrow Account Information | | | |
|---|---|---|---|
| LOA on File: | No | DOC ID: | |
| Beneficiary Bank: | JP Morgan Chase | City: | New York |
| ABA/Routing #: | 021000021 | State: | NY |
| Receiving Company: | Cornerstone Title San Antonio Rylan | Account Number: | 220031117 |
| | | Account Number: | 10596 |
| For Benefit of: | ALI REZA ZARGARAN MD PA ATTN: ALI ZARGARAN | Previous Wire Instruction: | No |
| Comments: | 10431 Spring Cross Court Helotes, TX 78023 | | |

| Notes | Fees |
|---|---|

<br>

| Cash Disbursement: 11531421 | | | |
|---|---|---|---|
| Amount: | $401,510.00 | Requested On: | 10/23/2014 10:27:26 |
| Date To Send: | 10/23/2014 | Created By: | HUN752 / BOS |
| End Date : | | Send Now Flag: | No |
| Frequency: | One-Time | Money Mkt Redemp: | No |
| Transfer Type: | Wire | Charge Fees To: | 867-022220 |
| Transfer Method: | Domestic: One Bank | Fee Ovr Initials: | |
| Bank ID: | WellsFargo | Tracking #: | 1023I1B7031R034564 |
| | | Trans Code: | WOTP(Third Party) |

| Transaction Comments | |
|---|---|
| no comment entered | no comment entered |

| Contact Information |
|---|
| Name: ZARGARAN ALI        Phone: 954-850-0058        Email: ZARGARANKIAAN@GMAIL.COM |
| Street: 1300 NE MIAMI GARDENS DR APT 519 |
| City: MIAMI                  State: FL    Zip: 33179-4782      Nation: |

| Domestic: One Bank Information | | | |
|---|---|---|---|
| LOA on File: | No | DOC ID: | |
| Bank Name: | Broadway Savings | City: | San Antonio |
| ABA/Routing #: | 114021933 | State: | TX |
| | | Account Number: | 4100052618 |
| For Benefit of: | ALI REZA ZARGARAN MD PA ATTN: ALI ZARGARAN | Previous Wire Instruction: | Yes |

TDA_00127

| Cash Disbursement: 11535614 | | | |
|---|---|---|---|
| Amount: | $11,162.30 | Requested On: | 10/24/2014 11:08:23 |
| Date To Send: | 10/24/2014 | Created By: | REE683 / BOS |
| End Date : | | Send Now Flag: | No |
| Frequency: | One-Time | Money Mkt Redemp: | No |
| Transfer Type: | Wire | Charge Fees To: | 867-022220 |
| Transfer Method: | Domestic: One Bank | Fee Ovr Initials: | |
| Bank ID: | WellsFargo | Tracking #: | 1024I1B7031R042327 |
| | | Trans Code: | WOAC(Like Titled) |
| Transaction Comments | | | |
| no comment entered | | no comment entered | |
| Contact Information | | | |
| Name: ZARGARAN ALI | Phone: 954-850-0058 | | Email: ZARGARANKIAAN@GMAIL.COM |
| Street: 1300 NE MIAMI GARDENS DR APT 519 | | | |
| City: MIAMI | | State: FL   Zip: 33179-4782   Nation: | |
| Domestic: One Bank Information | | | |
| LOA on File: | No | DOC ID: | |
| Bank Name: | Broadway Savings | City: | San Antonio |
| ABA/Routing #: | 114021933 | State: | TX |
| | | Account Number: | 4100052618 |
| For Benefit of: | ALI REZA ZARGARAN MD PA ATTN: ALI ZARGARAN | Previous Wire Instruction: | Yes |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

                                                  Case No. 14-24390-RBR
                                                  Chapter 7

ALI REZA ZARGARAN,

           Debtor.
_____/

KENNETH A. WELT, as Chapter 7 Trustee for          Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

           Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

           Defendants.
_____/

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF
LAW PURSUANT TO FED. R. BANKR. P. 9033**

1

**EXHIBIT B**

THIS MATTER came before the court for hearing on _____, upon the Motion for Final Default Judgment as to All Defendants [ECF No. ____] (the *"Motion"*) filed by Kenneth A. Welt, the chapter 7 trustee (the *"Plaintiff"*).  The Motion seeks a default final judgment against defendants ALI REZA ZARGARAN (the *"Debtor"*), MARYAM BAKER (the *"Wife"*), and ALI REZA ZARGARAN, M.D. PA. (the *"Practice,"* and collectively with Debtor and Wife, the *"Defendants"*) The Court, having reviewed the Motion, the case file, the attached affidavit of Kenneth A. Welt, the affidavits of service filed in the case and attached to the Motion for a Clerk's Default, and being duly informed in the premises, makes the following proposed findings of fact and conclusions of law.

## FINDINGS OF FACT

Because this matter concerns the entry of a default judgment, the Court treats all the well-pled allegations in the complaint [ECF No. 1] (the *"Complaint"*) as true. Thus, the Court finds that:

### Parties

The Trustee is the duly authorized and acting Chapter 7 Trustee of the Debtor's estate (the *"Estate"*) created pursuant to Section 541 of the Bankruptcy Code, on June 24, 2014 (the *"Petition Date"*), after the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*). The Practice is a Florida for-profit professional corporation with its principal place of business in Broward County, Florida. Debtor is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida. Wife is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida.

### Service of Process

On December 16, 2014, this adversary proceeding began through the filing of a

complaint. (the *"Complaint"*). On December 17, 2014, the clerk issued a summons (the *"Summons"*) as to all three Defendants. The Summons set forth that a responsive pleading to the Complaint must be served by January 16, 2015.

On December 18, 2014, the Summons and Complaint were served upon Ali Reza Zargaran by delivering a copy of the Summons and of the Complaint to Ali Reza Zargaran, personally, at 10431 Springcroft Court, Helotes, TX 78023, where he currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1).

On December 18, 2014, the Summons and Complaint were served upon Maryam Baker by delivering a copy of the Summons and of the Complaint to Maryam Baker, personally, at 10431 Springcroft Court, Helotes, TX 78023, where she currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1).

On December 19, 2014, Ali Reza Zargaran, M.D., P.A. was served via postage prepaid, U.S. first class mail, pursuant to Fed.R.Bankr.P. 7004(b)(3) to the address maintained by Ali Reza Zargaran, M.D., P.A.

**Actions which form the basis of the Plaintiff's Complaint**

In June 1993, the Debtor incorporated the Practice. Prior to the Petition Date, the Debtor was the sole shareholder in the Practice. The Practice's sole business was the operation of a medical practice.

At some point prior to December, 2013, the Debtor opened an investment account with TD Ameritrade (the *"Investment Account"*). For some reason, the Investment Account was titled in the Practice's name, rather than that of the Debtor. For some time, the Debtor made regular trades of publicly traded stock within the Investment Account.

3

The Debtor had previously filed two (dismissed) bankruptcy petitions prior to the Petition Date.  On October, 12, 2010 the Debtor filed a petition under chapter 13 of the Bankruptcy Code, as Case No. 10-40996, which was dismissed on November 2, 2010. On December 16, 2013, the Debtor filed a petition under chapter 13 of the Bankruptcy Code, as Case No. 13-39741, which was dismissed on March 12, 2014. On the Petition Date, June 24, 2014, the debtor filed the instant chapter 11 petition (the *"Petition"*).

The Debtor appears to have filed each of the petitions to delay foreclosure sales of his home. As evidenced by the repeat filings and dismissals, it is apparent that the Debtor sought to delay enforcement of secured creditors' rights, rather than any real attempt to reorganize his debts.

By filing the Petition, the Debtor became a debtor-in-possession, with a fiduciary duty to manage the Estate for the benefit of the creditors. By filing the Petition, the Debtor's sole shareholder interest in the Practice was included in the Estate under section 541 of the Bankruptcy Code. On Schedule B13, the Debtor scheduled his interest in the Practice as valued at $526,108.39, which he described as follows:

> Ali Reza Zargaran, MD, P.A. Valuation determined by combining: bank balance (1938.59); accounts receivable (14,187); of ice furnishing/equipment (750); unencumbered portion of investment stock account (756,353.10); business liabilities (245,107.30).

(the *"Scheduled Description"*).

Pursuant to even the Debtor's Scheduled Description, the share in the Practice (the *"Share"*) had (at least) a book value of $526,108.39. Pursuant to the claims register, the Debtor has in excess of $2,000,000.00 in unsecured (including undersecured) debt.

On October 2, 2014, the United States Trustee (the *"UST"*) filed his *Motion to Convert or Dismiss Case* (the *"UST Motion"*). On October 17, 2014, and October 20, 2014, both

Sabadell United Bank, N.A. and Transcapital Bank (respectively) joined in the UST Motion and asked that the case be converted. The UST Motion was set for hearing on October 23, 2014.

That very morning, on October 23, 2014, the Debtor requested the following wire transfers be made from the Investment Account:

a) A $462,489.53 transfer to Cornerstone Title San Antonio (the *"Cornerstone Transfer"*); and

b) A $401,510.00 transfer to account number 114021933 at Broadway National Bank (the *"Broadway Transfer"*).

On October 24, 2014, the Debtor initiated a second transfer to the same account at Broadway National Bank in the amount of $11,162.30 (the *"Second Broadway Transfer"*). [1]

The Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer depleted the balance in the Investment Account from in excess of $870,000.00 to only $383.86. By the time the order converting the case (the *"Conversion Order"*) was entered on October 27, 2014, all three transfers had occurred and the Investment Account (and by extension the Share) was worthless. The Court finds that the Debtor, with intent to hinder, delay, or defraud the Trustee or the Estate, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed the value of the Share post-petition.

The Cornerstone Transfer was a transfer to a closing agent, who facilitated the purchase by the Debtor and wife of the real property (*"Real Property"*) located at 10431 Springcroft Court, Helotes, TX 78023, described as: CB 4557A (BRIDGEPOINT UT-8 & 15), BLOCK 8 LOT 20. 66. The Debtor and Wife took record title to the Real Property as community property after the filing of the Petition, but before the Conversion Order. The Broadway Transfer and

---

[1] Collectively the Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer are referred to as the *"Transfers."*

5

Second Broadway Transfer were made to an account at Broadway National Bank owned or controlled by the Debtor.

The Court finds that at all material times, the Debtor has exercised complete dominion and control of the Practice. The Court finds that the Debtor has always had signature authority over the Investment Account, and the assets of the Investment Account were used for the Debtor, not the Practice's benefit. Thus, the Court concludes that the Debtor has disregarded the corporate formalities of the Practice, and the Court finds that the Practice is the Debtor's alter ego, and thus all the assets of the Practice are owned by the bankruptcy Estate under 11 U.S.C. § 541.

The Court also finds that there is a degree of difficulty in segregating and ascertaining the individual assets and liabilities of the Debtor and the Practice. The Court finds that the Debtor has commingled the assets of Practice with his own assets; that there is a unity of interest in the Practice given that the Debtor owned the Practice; and that the Debtor has transferred assets of the Practice without formal observance of corporate formalities.

Specifically, the Court finds that the finances of the Debtor and the Practice are so intermingled that administration of the Debtor's bankruptcy estate without the Practice would leave creditors of the Debtor without assets and avoidance actions that the Debtor's creditors could use to satisfy debts owed to them. Thus, the Court concludes that substantive consolidation is necessary to ensure the equitable treatment of all creditors.

Furthermore, because the assets of the Practice were assets of the estate, the Court finds that the Transfers were post-petition transfers of property of the estate, were not authorized by the Bankruptcy Code or an order of the Court, and the Debtor and Wife were transferees of the Transfers.

As to the fiduciary duty claims, the Court finds that as a director of the Practice, the Debtor had a duty to the Practice's shareholders. At the time of the Transfers, the chapter 11 estate was the shareholder of the Practice. Accordingly, the Debtor had a fiduciary duty to its shareholder, the Estate. The Debtor held the same duty to the Estate as a Debtor in Possession. The Debtor breached that duty by making the Transfers, which benefitted himself and his wife, but not the Estate. Since the sum total of the Transfers equals $875,161.83, the damages to the Estate are $875,161.83.

As to the §363(h) sale count, the Court finds that partition in kind of the Real Property between the Estate and Wife is impractical. The Real Property is a single family home, such that there is no practicable manner of partition of such property, other than a sale and division of the proceeds, and the Real Property cannot be subdivided. The Court finds that the sale of the estate's interest in the Real Property would realize significantly less for the estate than the sale of such property free of the interest of Wife. Thus, the Court concludes that the benefit to the estate of a sale of the Real Property free of the interest of Wife outweighs the detriment, if any, to Wife. The Court also finds that the Real Property is not used in the production, transmission or distribution, for sale, of electric energy, or of natural or synthetic gas for heat, light, or power.

Finally, as part of the Conversion Order, the Debtor was required to:

    a)    immediately turn over to the chapter 7 trustee all records and property of the estate under his custody and control;

    b)    by December 10, 2014, file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and

    c)    file, by November 24, 2014, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification.

    d)    file, by November 24, 2014, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B);

7

e)    file, by November 24, 2014, the Official Bankruptcy Form 22 A "Statement of Current Monthly Income and Means Test Calculation for Use in Chapter 7 Only", payment advices and, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4).

f)    file, by December 10 2014, a statement of intention with respect to retention or surrender of property securing consumer debts conforming to Official Form 8.

The Court finds that the Debtor did not comply with a single one of the above-referenced requirements.

## CONCLUSIONS OF LAW

First, the Court makes the following conclusions of law:

1.    Service of process comports with due process and Fed. R. Bankr.P. 7004.

2.    By statute, pursuant to §621.03, Fla. Stat., a professional corporation, such as the Practice, is organized for the "sole and specific purpose of rendering professional service." Trading publicly traded securities in an investment account is not a 'professional service.'

3.    As a debtor-in-possession, the Debtor had a duty to administer the Share for the benefit of his creditors.

4.    As a Director of the Practice, the Debtor had a duty to the Practice's shareholders.

5.    Pursuant to 11 U.S.C. § 1115, in a converted case, property of the estate includes post-petition, pre-conversion property acquired by the debtor. Accordingly, the interest of both the Debtor and the Wife in the Real Property is property of the Estate under § 541. Accordingly, title to the Real Property is properly held by the Estate only.

### Jurisdiction and Venue

This Court has jurisdiction over the subject matter of this action pursuant to 11 U.S.C § 105, and 28 U.S.C. §§ 157(a) and (b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).  The Plaintiff has asked, without admitting, that the

8

matter be treated as a constitutionally non-core matter. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Analysis Concerning Default Judgments

The entry of a default judgment against a defendant is a severe remedy. *See, e.g., E.F. Hutton & Co., Inc. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972). Where, as here, however, a party does not respond to a properly served complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. *See In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987)(where party offers no good reason for late filing of answer, entry of default judgment appropriate); *First City Nat'l Bank of Fort Worth v. Cook*, 117 F.R.D. 390 (N.D. Tex. 1987)(default judgment appropriate where party served has failed to answer).

Since the defendants do not appear disposed to defend this action, a default judgment against defendants is appropriate. When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true, and this rule applies whether the complaint seeks legal and/or equitable relief. *Fed. Trade Comm'n v. Kitco of Nevada, Inc.* 612 F. Supp. 1282 (D.C. Minn. 1985).

### Conclusions as to Judgment

Thus, the Court concludes that the Plaintiff is entitled to a default final judgment on each count. As a result, the assets of the Practice are deemed assets of the Estate, and the Practice is to be substantively consolidated into the Estate. Furthermore, the Real Property is property of the Estate, and may be sold by the Plaintiff free and clear of any interest of Wife. The Real Property must be turned over to the Plaintiff by the Debtor and Wife.

The Court also determines that the Plaintiff has suffered damages on account of Count IX, X, XI, and XII in the amount of $875,161.83 for which the Debtor is liable. Of that portion, the Debtor and Wife are jointly and severally liable for $462,489.53 on account of counts IX and X. However, to the extent that the Plaintiff realizes any value from the sale of the Real Property, such amount must be credited against, first, the joint and several obligation of Debtor and Wife, and second, the portion for which only Debtor is liable.

Finally, the Court determines that the Debtor is not entitled to a discharge under 11 U.S.C. §§ 727(a)(2)(B) and (a)(6)(A).

Rule 9033 sets forth the procedure to follow with respect to proposed findings of fact and conclusions of law. Under Rule 9033, parties have 14 days after service of these proposed findings of fact and conclusions of law to "serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection."

###

**Submitted By:**
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
Counsel for Trustee Welt
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:    (305) 358-6363
Telefax:        (305) 358-1221

**Copies Furnished To:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO.: _____

In re:                                                          Case No. 14-24390-RBR

                                                                Chapter 7

ALI REZA ZARGARAN,

        Debtor.

_____/

KENNETH A. WELT, as Chapter 7 Trustee for        L.T. Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

        Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR FINAL JUDGMENT AGAINST ALL DEFENDANTS

**THIS CAUSE** having come before the Court, upon Plaintiff's Motion for Final

Judgment after Clerk's Default against all Defendants [ECF No___] (the "***Motion***"), filed by

Kenneth A. Welt, the Chapter 7 trustee (the "***Plaintiff***") for the bankruptcy estate of Ali Reza

Zargaran (the "***Debtor***"), pursuant to *Fed. R. Civ. P.* 7055, made applicable to this Adversary

Proceeding by *Fed. R. Bankr. P.* 7055 and Bankruptcy Local Rule 7055-1, upon the entries of

default by the Clerk [ECF Nos. 14, 15, and 16], and after the failure of Defendants ALI REZA

ZARGARAN, MARYAM BAKER, and ALI REZA ZARGARAN, M.D. PA. (collectively, the

"***Defendants***") to timely file responsive pleadings in this Adversary Proceeding.

**EXHIBIT C**

The Bankruptcy Court has submitted its *Proposed Findings of Fact and Conclusions of Law Pursuant to Fed. R. Bankr. P. 9033* of the Bankruptcy Court, which sets forth that the Motion should be granted.

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees entirely with the *Proposed Findings of Fact and Conclusions of Law Pursuant to Fed. R. Bankr. P. 9033* of the Bankruptcy Court. Therefore it is

**ORDERED** as follows:

1.    The *Proposed Findings of Fact and Conclusions of Law Pursuant to Fed. R. Bankr. P. 9033* of the Bankruptcy Court is ADOPTED and CONFIRMED and made a part of this Order

2.    The Motion is **GRANTED**.

3.    A Final Judgment against each of the Defendants shall be entered separately.

SO ORDERED, this ___ day of _____ 2015.


_____

UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: _____**

In re:                                                          Case No. 14-24390-RBR

                                                               Chapter 7

ALI REZA ZARGARAN,

            Debtor.
_____/

KENNETH A. WELT, as Chapter 7 Trustee for            L.T. Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

            Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

            Defendants.
_____/

**FINAL JUDGMENT AFTER CLERK'S DEFAULT**
**AGAINST ALL DEFENDANTS**

        **THIS CAUSE** having come before the Court upon Plaintiff's Motion for Final Judgment

After Clerk's Default against all Defendants (the "***Motion***")[1], filed by Kenneth A. Welt (the

"***Plaintiff***"), in his capacity as Chapter 7 trustee for the bankruptcy estate of Ali Reza Zargaran,

pursuant to *Fed. R. Civ. P.* 55, made applicable to this Adversary Proceeding by *Fed. R. Bankr.*

*P.* 7055, following the entry of a Clerk's Default against Defendants, Ali Reza Zargaran,

Maryam Baker, and Ali Reza Zargaran, M.D., P.A., (collectively, the "***Defendants***") [Bankr.

ECF No. 14, 15, and 16, respectively] in this Adversary Proceeding.  Consistent with Fed. R.

Bankr. P. 7055 and 9021, and this court's prior adoption of the *Proposed Findings of Fact and*

---

[1]  All capitalized terms not defined in this Final Judgment shall have the meaning given to them
in the Motion.

1

**EXHIBIT D**

*Conclusions of Law Pursuant to Fed. R. Bankr. P. 9033* of the Bankruptcy Court, it is ORDERED and ADJUDGED that.

1.      Final Judgment is entered in favor of Plaintiff and against Defendants on Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, and XV.

2.      The assets of Ali Reza Zargaran, M.D., P.A. are property of the Debtor's bankruptcy estate (the "***Estate***"), and the assets may be recovered by the Plaintiff for benefit to the Estate.

3.      Ali Reza Zargaran, M.D., P.A. (the "***Practice***") is hereby substantively consolidated into the Debtor's bankruptcy estate.

4.      As to Counts IV and V, the real property located at 10431 Springcroft Court, Helotes, TX 78023 (the "***Real Property***"), described as:

> Lot 20, Block 8, C.B. 4557, BRIDGEPOINT UNITS 8 & 15 ENCLAVE, a subdivision in Bexar County, Texas according to the plat thereof recorded in Volume 9621, Page(s) 78 and 79, Deed and Plat Records of Bexar County, Texas,

is deemed property of the Estate.

5.      Defendants Ali Reza Zargaran and Maryam Baker are directed to immediately turn over the Real Property to the Plaintiff, as well as all monies received therefrom.

6.      The Plaintiff is the sole owner of the Real Property.

7.      Ali Reza Zargaran and Maryam Baker have no interest in the Real Property.

8.      The Trustee has authority to sell the Real Property free and clear of any interest of Ali Reza Zargaran and Maryam Baker subject to proper notice and a hearing in the Debtor's main bankruptcy case pursuant to Fed. R. Bankr. P. 6004.

9.      Ali Reza Zargaran and Maryam Baker are enjoined from dissipating or secreting any assets of the Practice, or the proceeds thereof.

10.     Final Judgment is entered in favor of Plaintiff, on behalf of the Estate, and against ALI REZA ZARGARAN and MARYAM BAKER as follows: Plaintiff shall have and recover $412,672.30 from ALI REZA ZARGARAN. In addition to such amount, Plaintiff shall also have and recover $462,489.53 from ALI REZA ZARGARAN and MARYAM BAKER jointly, which amounts shall bear interest from this date forward at the prevailing legal rate of interest.

11.     Any proceeds from the sale of the Real Property shall be credited first against the joint obligation of Ali Reza Zargaran and Maryam Baker, and then to the individual, separate obligation of Ali Reza Zargaran.

12.     Ali Reza Zargaran shall not receive a discharge in his chapter 7 bankruptcy proceeding, Case No. 14-24390-RBR.

13.     The Court reserves jurisdiction to enter any further orders or take any other actions that may be necessary in connection with this matter, including but not limited to, the issuance of writs of execution.

14.     The last known address of Defendants ALI REZA ZARGARAN and MARYAM BAKER is as follows: 10431 Springcroft Court, Helotes, TX 78023.

15.     The Plaintiff's address is: Kenneth A. Welt, by and through Lawrence E. Pecan, Esq., Meland Russin & Budwick, P.A., 200 South Biscayne Blvd., Suite 3200, Miami, Florida 33131.

SO ORDERED, this ___ day of _____ 2015.


_____
UNITED STATES DISTRICT JUDGE